UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

        Plaintiff,               Case Number: 2:21-12935
                                                       Honorable Nancy G. Edmunds

v.

NIGEL WYCKOFF, ET AL.,

        Defendants.

                                   /

**OPINION AND ORDER OF PARTIAL DISMISSAL**

This matter is before the Court on Scott Sedore's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Sedore is incarcerated at the G. Robert Cotton Correctional Facility. Sedore claims that Defendants have acted with deliberate indifference based on the failure to address an ear infection resulting in pain and hearing loss. He alleges violations of the Eighth Amendment, the Americans With Disabilities Act, 42 U.S.C. § 12131, et seq. (ADA), and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (Rehabilitation Act).

Sedore names these defendants: the Michigan Department of Corrections (MDOC), four health care personnel working at the Cotton Correctional Facility, and multiple John and Jane Does. He seeks monetary and injunctive relief. For the reasons discussed below, the Court dismisses Sedore's Eighth Amendment claims against the MDOC, and his claims under the ADA and Rehabilitation Act against the individual

Defendants.

**I.     Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff paid the full filing fee, the Court screens this complaint under 28 U.S.C. § 1915A, which directs the Court to review a civil complaint in which a prisoner seeks redress from a governmental entity or an employee of a governmental entity. 28 U.S.C. § 1915A(a). On this review, the Court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**II.    Complaint**

Sedore's complaint asserts that he is receiving inadequate medical care for an ear infection. He names as Defendants the Michigan Department of Corrections and health

care professionals working at the Cotton Correctional Facility.

Sedore claims that, beginning in July 2021, he has submitted multiple health care requests for treatment for his right ear. He states that he continued to mark his healthcare requests "urgent" but his requests were ignored or denies until he finally saw a physician on September 3, 2001. He asked the physician to refer him for audiology testing to assess the hearing loss. To date, he had not been scheduled for the requested testing and continues to suffer hearing loss.

### III. Discussion

#### A. Eighth Amendment Claim

Sedore's Eighth Amendment claims against the MDOC and the individual defendants in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment bars suits in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). Suits against state officials in their official capacities are deemed to be suits against the state and barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159 (1985). Plaintiff's Eighth Amendment claims against the MDOC and the other defendants in their official capacities will be dismissed under the Eleventh Amendment.

#### B. Rehabilitation Act of 1973 and Americans with Disabilities Act Claims

The ADA prohibits public entities from discriminating against a qualified individual with a disability on account of that disability in the operation of services, programs, or activities. 42 U.S.C. § 1983; *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998). The ADA is applicable to state and local government entities, including prisons and county jail facilities. *Yeskey*, 524 U.S. at 210. The proper defendant to a suit under the ADA is the public entity or an official acting in his or her official capacity. *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009).

The Rehabilitation Act of 1973 provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Like the ADA, the Rehabilitation Act does not impose personal liability upon individuals. *Hiler v. Brown*, 177 F.2d 542, 546 (6th Cir. 1999).

Sedore names the individual defendants, all employees of the MDOC, in their individual and official capacities. Sedore's claims under the ADA and Rehabilitation Act fail to state a claim against these defendants in their individual capacities. Accordingly, these claims will be dismissed.

### IV. Conclusion

The Court dismisses Plaintiff's ADA and Rehabilitation Act claims against the individual Defendants in their personal capacities for failure to state a claim.

The Court dismisses Plaintiff's Eighth Amendment claims against the Michigan Department of Corrections and the individual Defendants in their official capacities because they are entitled to Eleventh Amendment immunity.

Plaintiff's remaining claims and defendants survive the Court's initial screening. Plaintiff paid the full filing fee to commence this action. Under the Federal Rules he is therefore responsible for effecting service of the summons and complaint with respect to his remaining claims in accordance with Federal Rule of Civil Procedure 4(e) or obtaining a waiver of service pursuant to Federal Rule of Civil Procedure 4(d).

SO ORDERED.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: January 14, 2022