UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Scott Sedore,

      Plaintiff,

v.

Nigel Wyckoff et al.,

      Defendants.

Case No. 21-12935
District Judge Nancy G. Edmunds
Magistrate Judge Jonathan J.C. Grey

_____/

**REPORT AND RECOMMENDATION ON SEDORE'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 23, 25); SEDORE'S MOTION TO VOLUNTARILY DISMISS DEFENDANTS (ECF No. 26); AND DEFENDANTS' MOTION TO DEPOSE SEDORE (ECF No. 27)**

Scott Sedore, an incarcerated person, brings this pro se complaint under 42 U.S.C. § 1983 against Nigel Wyckoff, Sirena Landfair, Brian Stricklin, Adria Roach, Alinda Florek, Joshua Czareniowski, Jane/John Doe, and Michigan Department of Corrections ("MDOC"). (ECF No. 1.) Sedore is incarcerated at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan. *Id.* He alleges that Defendants violated his Eighth Amendment rights, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation

Act"). *Id.* Sedore filed two motions for summary judgment (ECF Nos. 23, 25);[1] the motions are fully briefed. Sedore also filed a motion to voluntarily dismiss Wyckoff and Jane/John Doe (ECF No. 26.) Defendants filed a motion to depose Sedore (ECF No. 27.)

For the following reasons, the Court **RECOMMENDS** that (1) Sedore's motions for summary judgment be **DENIED WITHOUT PREJUDICE** and (2) Sedore's motion to voluntarily dismiss Wyckoff and Jane/John Doe be **GRANTED**. Further, the Court **GRANTS** the defendants' motion to depose Sedore.

**I.     Sedore's Complaint**

On or around July 1, 2021, Sedore began experiencing pain, tinnitus, hearing loss, and "other symptoms" in his right ear. (ECF No. 1, PAGEID.21.) Sedore sent several kites[2] to the JCF healthcare staff and asked for urgent assistance; he received responses to some of these. (*Id.* at PAGEID.21–24.) On July 11, 2021, Stricklin, a registered nurse, responded to a kite sent by Sedore; Stricklin informed Sedore that he had an appointment scheduled with a nurse on July 14, 2021. (*Id.* at PAGEID.22, 23.)

---

[1] Both of Sedore's motions for summary judgment are identical. The Court shall refer to ECF No. 25 throughout this report and recommendation. The Court's report and recommendation applies to both motions for summary judgment.
[2] A "kite" is an internal mailing that prisoners can send to prison officials, generally used to express complaints. *McCracken v. Haas*, 324 F. Supp. 3d 939, 943 n.1 (E.D. Mich. 2018).

On July 12, 2021, Sedore went to an offsite cardiology appointment, and on July 14, 2021, Czareniowski, a registered nurse, examined Sedore's ears. (*Id.* at PAGEID.23.) Czareniowski recommended mineral oil to abate Sedore's earwax buildup, indicating that the earwax caused his symptoms. *Id.*

On July 22, 2021, Florek, a registered nurse, irrigated Sedore's ears. *Id.* Florek confirmed to Sedore that his issues were caused by earwax buildup. *Id.* On September 3, 2021, Dr. Robert Lacy examined Sedore's ears and noted that they were inflamed. (*Id.* at PAGEID.24.) Dr. Lacy suggested that Sedore may have experienced a severe ear infection, and Sedore subsequently asked for an audiology appointment. (*Id.* at PAGEID.24–25.) Sedore claims that defendants have not scheduled an audiology appointment and that he continues to suffer hearing loss. *Id.*

Sedore alleges that all defendants acted with deliberate indifference to his serious medical need. (*Id.* at PAGEID.28.)

## II. Legal Standard

Under Federal Rule of Civil Procedure 56(a), courts must grant motions for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v.*

*Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, a fact is material "only if its resolution will affect the outcome of the lawsuit." *Id.* at 451–52 (citing *Anderson*, 477 U.S. at 248).

In reviewing a summary judgment motion, the Court must draw all justifiable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). The burden of demonstrating the absence of a genuine dispute of material fact initially rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears this responsibility by identifying portions of the record that show the absence of a genuine issue as to any material fact. *Id.* If the moving party meets its burden, the burden then shifts to the nonmoving party to establish "specific facts showing that there is a genuine issue for trial." *Id.* at 324. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," the moving party is then entitled to summary judgment. *Id.* at 322.

### III.  Summary Judgment Analysis

Judge Edmunds dismissed Sedore's Eighth Amendment claim against MDOC and his ADA and Rehabilitation Act claims against Landfair, Stricklin, Roach, Florek, and Czareniowski in their individual capacities. (ECF No. 4.)

Sedore's remaining claims are: (1) Eighth Amendment claims against Landfair, Stricklin, Roach, Florek, and Czareniowski in their individual capacities and (2) ADA and Rehabilitation Act claims against MDOC, Landfair, Stricklin, Roach, Florek, and Czareniowski in their official capacities.

### A. Personal Involvement

To prevail under 42 U.S.C. § 1983, a plaintiff must allege the personal involvement of a defendant in the unconstitutional conduct to state a claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978) (stating that Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *see also Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008). Sedore must therefore establish that each defendant was personally involved in his allegations. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citations omitted).

The defendants argue that Sedore failed to allege the requisite personal involvement of each defendant. (ECF No. 28, PAGEID.172–175.) Sedore contends that his complaint details the role of each defendant. (ECF No. 29, PAGEID.205.) The Court finds that Sedore sufficiently alleged the personal involvement of certain defendants: (1) Landfair did not respond to Sedore's July 8, 2021 kite; (2) Roach failed to see him on July 8, 2021 after a different nurse told Roach that Sedore was in pain; (3) on July 11, 2021, Stricklin scheduled a nurse appointment

5

for Sedore for July 14, 2021, which Sedore believes constitutes an unwarranted delay; (4) Roach "refused to assess [Sedore's] pain and symptoms" on July 12, 2021; (5) Czareniowski did not offer treatment beyond mineral oil for Sedore's ear on July 14, 2021; (6) Florek did not offer treatment beyond ear irrigation on July 22, 2021. (ECF No. 1.) For the reasons discussed below, Wyckoff, and Jane/John Doe are dismissed and thus no involvement analysis is necessary.

Nonetheless, although Sedore's allegations of personal involvement are sufficient, the Court must deny his motion for failure to meet the deliberate indifference standard.

### B. Eighth Amendment Claims

The Eighth Amendment bans any punishment that involves the unnecessary and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In *Estelle v. Gamble*, the Supreme Court held that deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Eighth Amendment. 429 U.S. 97, 104–05 (1976).

A deliberate indifference claim has two components: objective and subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In considering an Eighth Amendment claim, a court must ask (1) if the alleged wrongdoing was sufficiently serious to establish a constitutional violation and (2) if the officials acted with a sufficiently culpable state of mind. *Id.*; *see also Hudson*, 503 U.S. at 8. The

objective component requires a showing of a sufficiently serious medical condition. *Hudson*, 503 U.S. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component requires a showing of each defendant's "sufficiently culpable state of mind." *Hudson*, 503 U.S. at 8 (citing *Wilson*, 501 U.S. at 289, 303).

### 1. Sufficiently Serious Medical Need

Serious medical needs generally fall into one of two categories: (1) a medical need diagnosed by a physician as requiring treatment or (2) a medical need that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (citing *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

Here, Sedore complained of pain, tinnitus, and hearing loss in his right ear. (ECF No. 1, PAGEID.21.) Assuming that Sedore's symptoms constitute a sufficiently serious medical need, the Court turns to the subjective prong of the inquiry.

### 2. Deliberate Indifference

Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. To establish the subjective component, Sedore "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take

reasonable measures to abate it.'" *Greene v. Bowles,* 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). The alleged conduct must "demonstrate deliberateness tantamount to an intent to punish." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988). However, "'[a] prisoner is not required to show that [they were] literally ignored by the staff' to prove an Eighth Amendment violation, only that [their] serious medical needs were consciously disregarded." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014) (citations omitted).

Additionally, the Sixth Circuit distinguishes between cases in which a plaintiff alleges complete denial of medical care and cases in which a plaintiff alleges they received inadequate medical treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). For the latter, there may be cases in which the treatment received was "so woefully inadequate so as to amount to no treatment at all." *Id.* If plaintiffs received medical treatment, however, federal courts are generally reluctant to second-guess medical judgments. *Id.* Accordingly, when a medical professional provides treatment, "albeit carelessly or inefficaciously, to a prisoner, [they have] not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock*, 273 F.3d at 703.

8

The defendants argue that Sedore has not presented evidence to show they were aware of a serious medical need to Sedore and that they disregarded that need. (ECF No. 28, PAGEID.184.)

Here, Sedore disagrees with Czareniowski's decision to provide mineral oil to abate earwax buildup, Florek's decision to irrigate Sedore's ears, Landfair's failure to respond to his kite, Stricklin's decision to schedule an appointment for three days after Sedore's request, and Roach's failure to assess Sedore's symptoms. Although Sedore disagrees with the medical treatment provided for his symptoms, he has not presented evidence that he received no treatment at all or treatment that may be considered "woefully inadequate." *Westlake*, 537 F.2d at 860 n.5. Simple disagreement regarding medical treatment is insufficient to establish a deliberate indifference claim. *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003).

The Court finds that Sedore has yet to present evidence to establish that Czareniowski, Roach, Landfair, Stricklin, and Florek acted with deliberate indifference. Accordingly, the undersigned **RECOMMENDS** that Sedore's motion for summary judgment on his Eight Amendment claims be **DENIED WITHOUT PREJUDICE**.

### C. ADA and Rehabilitation Act Claims

Sedore brings ADA and Rehabilitation Act claims against MDOC, Landfair, Stricklin, Roach, Florek, and Czareniowski in their official capacities. (ECF Nos. 1, 4.)

The ADA prohibits public entities from discriminating against a qualified individual with a disability. 42 U.S.C. § 1983; *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). The ADA is applicable to state and local government entities, including prisons and county jail facilities. *Yeskey*, 524 U.S. at 210. The proper defendant to a suit under the ADA is the public entity or an official acting in his or her official capacity. *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009).

To state a claim under Title II of the ADA, a plaintiff must establish: (1) that they are a qualified individual with a disability; (2) that they were excluded from participation in or were denied the benefits of the services, programs, or activities of a public entity; and (3) that such discrimination was because of their disability. 42 U.S.C. § 12132. "Disability" is defined as "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(2).

The Rehabilitation Act similarly provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of [their] disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Like the ADA, the Rehabilitation Act does not impose personal liability upon individuals. *Hiler v. Brown*, 177 F.2d 542, 546 (6th Cir. 1999).

The defendants argue that Sedore failed to allege he has a disability. (ECF No. 28, PAGEID.186.) However, the Court finds that Sedore sufficiently alleged he has a disability because of his numerous references to hearing loss in his right ear. Nonetheless, Sedore failed to allege or has yet to present evidence of the service, program, or activity that he is qualified for but has been denied or how he has been subjected to discrimination or exclusion because of his disability. Instead, his allegations focus on defendants' alleged failure to provide adequate medical treatment.

The undersigned **RECOMMENDS** that Sedore's motion for summary judgment on his ADA and Rehabilitation Act claims be **DENIED WITHOUT PREJUDICE**.

Sedore filed his motion for summary judgment one day after defendants filed their answer. There was no opportunity for the parties to conduct meaningful

11

discovery before Sedore's motion. The Court **RECOMMENDS** that Sedore's motion be **DENIED WITHOUT PREJUDICE** in its entirety and the case proceed pursuant to the set scheduling order (ECF No. 30). *See Graham v. Chicowski*, No. 16-12258, 2017 WL 3097803, at *8 (E.D. Mich. Apr. 18, 2017) (recommending denial of pro se plaintiff's partial summary judgment motion without prejudice and permitting discovery pursuant to a scheduling order).

### 3. Voluntary Dismissal Analysis

On May 26, 2022, the Court ordered Sedore to serve Wyckoff and identify and serve Jane/John Doe. (ECF No. 22.) On June 2, 2022, Sedore moved to voluntarily dismiss both defendants "due to time restrictions and other factors." (ECF No. 26.)

Rule 41(a)(2) requires a plaintiff to seek a court order or stipulation of the opposing party to voluntarily dismiss an action where the opposing party has filed an answer or motion for summary judgment. Here, however, neither defendant has appeared or filed an answer or a motion for summary judgment. The Court therefore construes Sedore's motion as a notice of dismissal that does not require court action. Fed. R. Civ. P. 41(a)(1)(A)(i) (allowing a plaintiff to dismiss an action without a court order by filing a notice of dismissal).

Accordingly, the Court **DIRECTS** the Clerk's Office to terminate Wyckoff and Jane/John Doe.

12

### 4. Leave for Deposition Analysis

Czareniowski, Florek, Landfair, MDOC, Roach and Stricklin moved for leave to take Sedore's deposition pursuant to Rule 30(a)(2)(B). (ECF No. 27.)

Rule 30(a)(2)(B) requires any party seeking to take the deposition of a person "confined in prison" to obtain leave of the court. The rule provides that the Court must grant leave to the extent consistent with Rule 26(b)(1) and (2).

As the claimant who brought this case, Sedore's deposition is consistent with Rule 26(b)(1)-(2). The Court recommends granting defendants' leave to take Sedore's deposition.

### 5. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that (1) Sedore's motions for summary judgment (ECF Nos. 23, 25) be **DENIED WITHOUT PREJUDICE** and (2) Sedore's motion to voluntarily dismiss Wyckoff and Jane/John Doe (ECF No. 26) be **GRANTED**. Further, the Court **GRANTS** the defendants' motion to depose Sedore. (ECF No. 27.)

Dated: September 2, 2022       s/**Jonathan J.C. Grey**
                               Jonathan J.C. Grey
                               United States Magistrate Judge

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 2, 2022.

s/ **Julie Owens**
Julie Owens
Case Manager
