UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Scott Sedore,

    Plaintiff,

v.

Nigel Wyckoff et al.,

    Defendants.

Case No. 21-12935
District Judge F. Kay Behm
Magistrate Judge Jonathan J.C. Grey

_____/

## ORDER DENYING PLAINTIFF'S MOTIONS
## FOR APPOINTMENT OF COUNSEL (ECF Nos. 36, 40)

Scott Sedore brought this pro se complaint under 42 U.S.C. § 1983 against Nigel Wyckoff, Sirena Landfair, Brian Stricklin, Adria Roach, Alinda Florek, Joshua Czareniowski, Jane/John Doe, and the Michigan Department of Corrections.[1] (ECF No. 1.) Sedore alleged that defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights, the Americans with Disabilities Act, and the Rehabilitation Act of 1973. (*Id.*) On February 8, 2023, Sedore filed a motion for the appointment of counsel. (ECF No. 36.) On February 13, 2023, Sedore filed the same motion for the appointment of

---

[1] On September 29, 2022, the Court granted Sedore's voluntary dismissal of Wyckoff and Jane/John Doe. (ECF No. 33.)

counsel but with a redaction. (ECF No. 40.) For the following reasons, the Court **DENIES** Sedore's motions.

Under 28 U.S.C. § 1915(e), the Court has authority to appoint counsel to an indigent plaintiff. Unlike in criminal cases, litigants in civil cases do not have a constitutional right to counsel. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Although rare, the Court has the discretion to appoint counsel in a civil proceeding amid exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 604-06 (6th Cir. 1993). In determining whether exceptional circumstances exist, courts examine the type of case and its complexity, the plaintiff's ability to represent himself, and whether the claims have merit. *Id.*; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995). The Court also considers whether all possible dispositive motions have been filed and ruled on. It is the general practice of this district to defer appointing counsel until all dispositive motions have been denied. *Weatherspoon v. Dinsa,* No. 14-12756, 2015 WL 5634448, at *6 (E.D. Mich. Sept. 25, 2015); *see also Catanzaro v. Mich. Dep't of Corrs.*, No. 08-11173, 2009 WL 2154819, at *3 (E.D. Mich. July 14, 2009).

Sedore alleges that defendants exhibited deliberate indifference to his medical needs. (ECF No. 1.) In his motions, Sedore claims he needs legal assistance because he is unable to afford counsel, has limited knowledge of the law, the issues involved in the case are complex, he anticipates extensive discovery

and discovery disputes, and the assistance of counsel will expedite the case. (ECF Nos. 36, 40.)

Sedore's deliberate indifference allegations are not unusually complex. *West v. Choge et al.*, No. 21-10225, 2021 WL 510229 (E.D. Mich. Feb. 11, 2021) (finding that plaintiff's Eighth Amendment claims were not particularly complex). Sedore filed approximately seven motions, two of which were unsuccessful summary judgment motions, and a response to defendants' summary judgment motion. In these filings, Sedore presented plausible arguments and cited applicable legal authorities. Furthermore, Sedore's claims that appointed counsel would help with discovery is futile as discovery ended on January 9, 2023, before he filed his motions for appointment of counsel.

On February 8, 2023, defendants filed a motion for summary judgment. (ECF No. 37.) The Court has not issued a decision on defendants' motion yet. A review of the complaint and application to appoint counsel does not reveal "exceptional circumstances" justifying the appointment of counsel at this time. *Lavado,* 992 F.2d at 604-06. If Sedore survives the dispositive motion stage, he may renew his motion for the appointment of counsel. *Ouellette v. Hills*, No. 15-11604, 2016 WL 5941829, *2 (E.D. Mich. Oct. 13, 2016).

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Sedore's motions for appointment of counsel. (ECF Nos. 36, 40.)

**SO ORDERED.**

s/**Jonathan J.C. Grey**
Jonathan J.C. Grey
United States Magistrate Judge

Dated: March 7, 2023

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 7, 2023.

s/ **J. Owens**
Julie Owens
Case Manager
